Booth, Chief Justice,
delivered the opinion of the court:
This case has experienced an unusual course. We need not repeat in detail its history for the facts are set forth in a preliminary statement. The present proceedings result from the enactment by Congress of the following legislation:
“ The case of the Pocono Pines Assembly Hotels Company against United States of America, Number J-543 be, and hereby is, remanded to the United States Court of Claims with complete authority, the statute of limitations or rule of procedure to the contrary notwithstanding, to hear testimony as to the actual facts involved in the litigation and with instructions to report its finding of facts to Congress at the earliest practicable moment.”
See also opinion of this court announced January 18,1932 (73 C.CIs. 447).
The record from which the facts now reported to Congress were obtained was brought into being by the introduction of proof upon the part of the defendant and the examination of witnesses and introduction of papers by the commissioner of this court to whom the matter was referred for the taking of testimony. Ample opportunity was accorded the parties to produce all or whatever evidence they desire to offer, a wide and liberal latitude was accorded in the reception of evidence, and the record discloses a minimum of technical objections to the evidence offered. The plaintiff entered a limited appearance, as noted in the findings, and did no more than seek to protect its asserted and claimed legal rights.
Th defendant examined eight witnesses, two of whom held responsible positions in the vocational school being conducted at the inn; three trainees, two on the premises when the garage burned and one when the inn burned; and one *350 expert witness, a civil engineer. The attorney who represented the Veterans’ Bureau, Mr. George H. Holcombe, testified, as well as the representative of the Department of Justice. In addition to the oral testimony of witnesses there was introduced and made a part of the record all the former proceedings in the case, including the record of testimony taken in the two hearings prior to the decision of the court awarding plaintiff a judgment, announced on February 10, 1930, and a transcript of statements taken by a Government official on the day of and day after the burning of the inn, wherein fifteen witnesses present on the premises when the fire occurred detailed what they saw and did. These statements were transmitted to the representative of the Veterans’ Bureau, who testified they were sworn to and copies furnished the Department of Justice, and were in the possession of the parties defendant more than a year before the first hearing of this case before the commissioner of this court held in Philadelphia on April 5, 1928, and were well known to the representatives of the defendant during the trial of this case and at the time motions for new trials were filed therein.
One witness whose statement was taken as above was called to testify on April 5, 1928, before the commissioner, and three only were called to testify before the commissioner in this proceeding. The statements, as we have previously noted, are made a part of the present record, and we have not hesitated to accord them such probative effect as they deserve. It is signally significant that in many vital and important respects the statements made by the witnesses on the day of the fire when subsequently examined in this proceeding, coincide as to facts. Bongianni, the'trainee, who first discovered the fire in the inn, was not called as a witness at any hearing. This trainee’s version of existing conditions at the time of the fire is to be found in a statement given by him on the day of the fire, elicited by Government officials by way of propounding interrogatories. There is nothing in the statement indicating a lack of intelligence, bias, or prejudice upon the part of the witness; on the contrary, it was he who gave the alarm and proceeded expe *351 ditiously to assist as best he could to extinguish the fire. We advert to this fact not because of an opinion that Bongianni’s testimony would have established the cause of the fire— whether it would or would not is manifestly a matter of inference — but as clearly indicative of the fact that the defendant did not and does not now possess any information or facts which even tend to establish the origin of the fire which destroyed the inn.
The majority opinion of the court rendered January 18, 1932, involving the challenge to the constitutionality of the act under which the proceedings narrated above took place, predicated the judgment of the court upon the following statement:
“ Therefore, we are of the opinion that the act of reference in this case is susceptible of a construction as congressional intention by special legislation to procure certain facts to aid Congress in the exercise of a legislative function, which does not in any manner effect the finality of this court’s judgment in case No. J-543, and the motion to vacate and set aside this court’s reference of the matter to a commissioner of this court will be overruled. It is so ordered.”
In keeping with this announced principle we have considered the proceedings as akin in matter of procedure to congressional reference under section 151 of the Judicial Code, i.e., what we are to report to Congress is a finding of authenticated and established facts with reference to the whole case of “ Pocono Pines Assembly Hotels Company against the United States, No. J-543,” facts which Congress desires in the exercise of a legislative function, and what we say herein is to be confined to the findings to be reported, the court having heretofore expressed its opinion of the legal issues involved.
The record from which the findings have been made is not of great volume. It obviously represents the exhaustion of the matter from the standpoint of facts. It differs in some particulars from the statements made in the motions for new trial, but in its general aspect it clearly and unmis- j takably establishes the fact that the fire did not originatej from faulty electric wiring and that its origin is not to be\ attributed to any carelessness or negligence upon the part *352 ] of the plaintiff in case J-543. There is nothing in the record ’ as to the inn which would warrant a finding positively dis- ¡ closing the origin and cause of the fire. In this respect ’■ the present record clearly confirms what was said by the court in its first opinion. We are not to express inferences. Our duty is to report facts. The facts as to the destruction by fire of the garage are in some respects more direct and convincing as to the cause of the fire than in the case of the inn. We accompany the findings with this memorandum opinion in consonance with a long-established precedent of so doing in congressional references when in the court’s opinion Congress intends and is seeking available facts as to a transaction, facts which will be useful in the consideration of the reference hereafter, and as to which it was claimed they had not been disclosed before. The court has uniformly — precedents too numerous to cite — entertained the opinion that in the report of facts to Congress the court may and is obligated to explain to the extent warranted the findings transmitted in an opinion. This long-pending controversy, developing as it did extraneous issues and additional legal questions, we think exacts what we have said with refei’ence to findings which we transmit to Congress.
A copy of the foregoing findings and opinion, together with copy of the findings and opinion of February 10, 1930, and opinion of January 18, 1932, will be certified to Congress.
Williams, Judge; and LittletoN, Judge, concur.